[No. 7095]

## FAUSETT V. FOREMAN.

CONTRACT—*Validity—Nudum Pactum.* The agreement of a creditor whose demand is matured and payable, to accept the promissory notes of a stranger in satisfaction thereof, and this without any new consideration moving to him, is not enforcible.

*Error to Larimer County Court.*—Hon. FRED W. STOVER, Judge.

Mr. T. J. LEFTWICH, for plaintiff in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This action was instituted before a Justice of the Peace in Larimer County, and was appealed to the County Court.  It appears that Foreman, the defendant in error, leased to the plaintiff in error, certain farm

lands for a period of three years beginning December 31, 1906, and at the annual rental of $800.

At the end of the first year Faucett asked Foreman to release him from further obligation under the lease. To this Foreman agreed upon condition that Faucett would procure him another tenant for the remainder of the period for which the lease was to run, and upon the same terms, and who would be acceptable to Foreman. This was done and Foreman entered into such a contract with one Hostettler. At the time of this agreement Faucett was indebted to Foreman in the sum of $400, as a balance due on the first year's rent.

This action concerns an alleged agreement between Faucett and Foreman as to the acceptance by the latter of the promissory notes of Hostettler to the extent of $200, as part payment of the sum of money then due from Faucett to Foreman.

As to this agreement Foreman testified that he agreed to takes the notes of Hostettler to the extent of $200 in part payment of this sum, but that such notes were to be secured, and to be bankable notes. That afterwards he called at the bank where Faucett had left the notes, and upon examination discovered that the same were not secured, and were not bankable, as agreed, and for such reason declined to accept them.

On the other hand Faucett testified that the notes were to be simply the notes of Hostettler, to bear ten per cent interest, not to be secured, and that the notes left at the bank for Foreman were in full compliance with the agreement.

Both agree that the proposed notes of Hostettler had not at the time of the agreement been executed, and that the agreement involved the acceptance of notes thereafter to be executed by Hostettler.

It seems that prior to the institution of this suit

Faucett had in other ways, and after the said agreement, paid Foreman $234.25, leaving a remainder of $165.75 due, if the notes are not to be considered. The suit was to recover this amount.

Upon the trial the court directed a verdict for the plaintiff for said sum. It is contended by the appellant that under his testimony, there was a complete novation of the contract, and that for such reason the disputed questions of fact should have been submitted to the jury.

We do not think the question of novation applies to the matter involved in any event. The debt upon which the plaintiff below claims, had accrued prior to the agreement for substitution of lessee, and was therefore not a part of such agreement.

Assuming for the purposes of the case that the promissory notes were to be executed as testified to by Faucett, he must still be held as the debtor of Foreman, and the latter could decline to receive or accept the notes as a satisfaction of the debt to that extent. This for the reason that there was no consideration going to Foreman for his agreement to accept such notes in payment upon the debt, which debt was an existing and matured one, for which Faucett was then obligated to make payment.

The law in such cases require that there must be mutual consideration, and an agreement to accept promissory notes in payment of a pre-existing debt, without some sufficient consideration therefor, is a non-enforcible contract. In this instance there was no benefit to accrue to Foreman and no detriment to Faucett.

The judgment is affirmed.

GABBERT, C. J., and GARRIGUES, J., concur.